UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| KADEN KNAPP,<br><br>              Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE,<br><br>              Defendant. | 5:23-CV-05090-KES<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

      Plaintiff, Kaden Knapp, commenced an action in small claims court in Pennington County, South Dakota alleging that the United States Postal Service (USPS) is liable for damages caused when a mail truck collided with Knapp's parked vehicle. Docket 1-1 at 1. Knapp seeks $3,178.667 in damages. *Id.* After the USPS received notice of the small claims action, the United States removed the action to federal court because this court has exclusive jurisdiction under 28 U.S.C. § 1346(b). Docket 1 ¶¶ 1, 6. The USPS moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that Knapp has not filed an administrative claim with the USPS, which is a jurisdictional prerequisite to bringing a claim against the United States for money damages. Dockets 2, 3. Knapp has not objected to the Notice of Removal (Docket 1) and has not responded to the Motion to Dismiss (Docket 2).

## DISCUSSION

### I. Applicable Legal Standard

"[F]ederal courts are courts of limited jurisdiction[.]" *United States v. Afremov*, 611 F.3d 970, 975 (8th Cir. 2010). A district court "has a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011).

"The district court has the authority to consider matters outside the pleadings on a motion challenging subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Crow Creek Sioux Tribe v. Bureau of Indian Affs.*, 463 F. Supp. 2d 964, 967 (D.S.D. 2006) (citing *Drevlow v. Lutheran Church, Mo. Synod*, 991 F.2d 468, 470 (8th Cir.1993)). Such consideration does not convert a motion to dismiss into a motion for summary judgment. *Id.* (citing *Deuser v. Vecera*, 139 F.3d 1190, 1191 n.3 (8th Cir.1998)).

### II. Sovereign Immunity

Sovereign immunity limits Knapp's right to bring a claim for money damages against the United States and United States agencies, such as the USPS. "Absent a waiver, sovereign immunity shields the [f]ederal [g]overnment and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Federal courts generally lack jurisdiction to hear claims against the United States because of sovereign immunity." *Barnes v. United States*, 448 F.3d 1065, 1066 (8th Cir. 2006); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The court does

not have subject matter jurisdiction unless the plaintiff shows that the United States "has unequivocally waived that immunity." *Barnes*, 448 F.3d at 1066. A waiver of sovereign immunity is strictly and narrowly construed in favor of the United States, and the plaintiff bears the burden of demonstrating the waiver. *See Snider v. United States*, 468 F.3d 500, 509 (8th Cir. 2006) (citing *Lane v. Pena*, 518 U.S. 187. 192 (1996)); *see also V S Ltd. P'ship v. HUD*, 235 F.3d 1109, 1112 (8th Cir. 2000).

Because the USPS " 'is an independent establishment of the executive branch of the Government of the United States,' with 'significant governmental powers,' it 'enjoys federal sovereign immunity absent a waiver.' " *Najbar v. United States*, 649 F.3d 868, 870 (8th Cir. 2011) (quoting *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483–84 (2006)). Thus, the USPS is shielded from suit unless Knapp meets his burden of demonstrating waiver.

### III. Federal Tort Claims Act

The Federal Tort Claims Act (FTCA) provides a waiver of sovereign immunity for claims for property damage caused by negligent or wrongful acts of any employee of the federal government, including employees of the USPS.[1] *Id.* In relevant part, the FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission

---

[1] Because the FTCA is Knapp's sole remedy for asserting a claim for money damages allegedly caused by the negligence or wrongful act of an employee of the USPS, the United States, not the USPS, is the only proper defendant. *Duncan v. Dep't of Lab.*, 313 F.3d 445, 447 (8th Cir. 2002) (stating that a federal agency cannot be sued under the FTCA and the United States is the proper defendant).

>of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

The Eighth Circuit has held that "the district court may appropriately resolve legal and factual questions determinative of jurisdiction and may dismiss the case under Federal Rule of Civil Procedure 12(b)(1) if the FTCA requirements are not met." *Daniels v. United States*, 135 F. App'x 900, 901 (8th Cir. 2005). "Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant." *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993).

Knapp's notice of small claims lawsuit does not allege that he presented his claim to the USPS before commencing a lawsuit. *See* Docket 1-1 at 1. Further, the USPS has submitted undisputed evidence confirming that Knapp did not file an administrative claim at the local or national level. Docket 5 ¶¶ 4, 6. Because Knapp failed to present an administrative claim, this court lacks subject matter jurisdiction, and the action must be dismissed. *See* Fed. R. Civ. 12(h) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Thus, USPS's motion to dismiss (Docket 2) is granted.

5

It is ORDERED that defendant's motion to dismiss (Docket 2) is granted, and this action is dismissed without prejudice.

Dated July 31, 2024.

                                BY THE COURT:

                                */s/ Karen E. Schreier*
                                KAREN E. SCHREIER
                                UNITED STATES DISTRICT JUDGE